Nicholas BLANKENBURG, a single man; Carl F. Blankenburg, Husband; Karen Blankenburg, Wife, Plaintiffs—Appellants,

v.

**UNITED STATES of America, Defendant—Appellee.**

No. 03–16667.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 17, 2005.

Decided May 25, 2005.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before: HAWKINS, MCKEOWN, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Nicholas Blankenburg appeals the district court's grant of summary judgment for the United States, which was based on the Federal Tort Claims Act's discretionary function exception, 28 U.S.C. § 2680(a). For the exception to apply, the government must prove that (1) the challenged conduct involves an element of judgment or choice; and (2) the judgment or choice is the type the discretionary function exception was designed to shield, *see Berkovitz v. United States,* 486 U.S. 531, 536–37, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988), that is, one based on "social, economic, or political policy." *See Summers v. United States,* 905 F.2d 1212, 1215 (9th Cir.1990). To determine whether the conduct involved an element of judgment or choice, courts inquire as to whether it was compelled by a federal statute, regulation, or policy. *See, e.g., GATX/Airlog Co. v. United States,* 286 F.3d 1168, 1173 (9th Cir.2002).

Here, the relevant decision was discretionary, because there was no statute, regulation, or policy prescribing where the Forest Service placed signs. *See also Valdez v. United States,* 56 F.3d 1177, 1180 (9th Cir.1995) ("Because the [National Park Service] cannot apprise the public of every potential danger posed by every feature of the Park, a degree of judgment is required in order to determine which hazards require an explicit warning...."). The decision was also "susceptible to policy analysis," per *Gaubert v. United States,* 499 U.S. 315, 325, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991), as the Forest Service is charged with weighing resource program needs, environmental and resource protection requirements, aesthetics, recreational goals, and budgetary concerns in addition to safety when making road maintenance or sign placement decisions.[1] Ac-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. This holding is consistent with *Marlys Bear Medicine v. United States,* 241 F.3d 1208, 1217 (9th Cir.2001), because the Forest Service's decision here is better characterized as involving "the issue of allocation of limited resources [in a situation] that necessarily involve[s] policy-based decisions" than involving "the duty to maintain safety measures once undertaken." It is also consistent with our recent decision in *Whisnant v. United States,* 400 F.3d 1177, 1182–84 (9th Cir.2005), which cited *Marlys Bear Medicine* approving-

cordingly, the discretionary function exception applied, and summary judgment was proper.

**AFFIRMED.**

ly, and which dealt with a "budget-driven" "failure to adhere to accepted professional standards" with regard to the accumulation of mold in a naval base commissary's meat department. *See also Whisnant,* 400 F.3d at 1182 n. 3 (acknowledging that implementation of government policy can implicate poli-cy concerns where decisions involve weighing of various considerations).

